Military pay; retired pay (disability); entitlement to disability retired pay; service aggravation. — Plaintiff sues for physical disability retirement pay from October 19, 1947, arising from his approximately 5 years of commissioned service in the Army during and beyond World War II. His claim is filed pursuant to Private Law No. 95-59, approved October 6, 1978, which waives the defenses of the statute of limitations and laches, and empowers the court to render judgment for physical disability incurred or aggravated due to military service. Since 1930 plaintiff has received disability compensation from the Veterans Administration for defective hearing service-connected to combat injury in World War I. Plaintiff was appointed a major and entered active duty (limited service only) in 1942 after having been found permanently disqualified for active service due to defective hearing. Plaintiff asserts that during his service in South America he engaged in frequent flights in many types of noisy and unpressurized aircraft, at high altitudes and involving abrupt ascents and descents, as well as sudden temperature changes. He claims that these flying conditions further impaired his hearing, producing earaches, ringing in his ears (tinnitus), and frequent head colds. Plaintiff was relieved from active duty effective October 19, 1947 after having been found permanently incapacitated for military service. Plaintiff was also found not entitled to disability retirement pay benefits since his hearing incapacity was not permanently aggravated by or incident to his service since 1942. On October 29,1980 Trial Judge C. Murray Bernhardt filed a recommended opinion concluding that plaintiff is not entitled to recover. The trial judge concluded, based on well-established medical principles, that while there may have been some deterioration in plaintiffs hearing capacity during the period of his service, the impairment has been consistent with the natural progress of his underlying otosclerotic disease, and was not aggravated by his service. The presumption of service aggravation has been proved otherwise, and the decline in plaintiffs hearing during his military service arose as a *588 natural consequence of preexisting conditions rather than from conditions encountered during service. On November 10, 1981 the court, by order, adopted the recommended decision of the trial judge as the basis for its judgment in this case and dismissed the petition.
Plaintiffs motion for rehearing and suggestion for rehearing en banc were denied March 19,1982.